# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMAL K. MERCHANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. CIV-04-1659-HE |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

In this action, plaintiff Jamal K. Merchant alleges he was constructively discharged by his former employer, Target Corporation, in violation of the Age Discrimination in Employment Act ("ADEA") and Oklahoma's public policy.[1] This matter is before the court on defendant's motion for summary judgment. Summary judgment is appropriate if the pleadings, affidavits, and depositions "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment. In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. Board of Education v. Pico, 457 U.S. 853, 863 (1982). Nonetheless, a party opposing a motion for summary judgment may not simply allege that there are disputed issues of fact; rather, the party must

---

[1] *The Amended Complaint also contained allegations that plaintiff was denied promotions in violation of the ADEA. In his response to defendant's motion for summary judgment, however, plaintiff clarified that he is not asserting a failure-to-promote claim. Plaintiff Jamal K. Merchant's Response to Defendant Target Corporation's Motion for Summary Judgment at 35 [Doc. #115] (hereinafter cited as "Plaintiff's Response").*

"set out *specific* facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2) (emphasis added). *See also*, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Mere conclusory allegations, without evidentiary support, do not create a genuine issue of fact. L&M Enters., Inc. v. BEI Sensors & Sys. Co., 231 F.3d 1284, 1287 (10th Cir. 2000). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). In addition, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court, however, may not make determinations of credibility nor weigh evidence, and must disregard all evidence favorable to the movant that the trier of fact would not be required to believe. Gossett v. Oklahoma, 245 F.3d 1172, 1175 (10th Cir. 2001).

The background facts as to plaintiff's employment are undisputed. Plaintiff, who was born in 1947, began his employment with Target on June 14, 1978. Throughout his employment, plaintiff worked various supervisory jobs at Target stores in Norman, Oklahoma and the surrounding area. From October 1992 until his termination from employment, plaintiff worked at Target store 46 in Norman as a Store Team Leader in

2

Hardlines.² Exhibit 1 to Defendant Target Corporation's Motion for Summary Judgment and Supporting Brief at 27-8, 33 [Doc. #107] (hereinafter cited as "Defendant's Motion"). Starting in late 2002 or early 2003, Denise Unger, who is 27 years younger than plaintiff, became plaintiff's immediate supervisor. Mark Cejda, who is ten years younger than plaintiff, was the Store Team Leader during the relevant time period.

In May 1999, plaintiff received an excellent rating on his annual performance review and received a merit increase in pay. Exhibit 33 to Plaintiff's Response at 7. Likewise, in April 2002, plaintiff received an excellent rating on his annual performance review for fiscal year 2001 and a corresponding wage increase. Exhibit 34 to Plaintiff's Response at 8. In April 2003 – shortly after Unger became his supervisor – plaintiff was given an annual review score that was nine points lower than the score he received in 2002. Exhibit 1-3 to Defendant's Motion at 5. As a result, he was rated as "satisfactory plus"; plaintiff did not receive a pay increase that year. Id. at 5. Plaintiff has submitted evidence that, during the time she supervised plaintiff, Unger made age-related comments to him. Unger allegedly told him he was "too old to perform [his] job," that he "could not think properly, that [he] had . . . failure to recall and that [he] was getting old for [his] job". In addition, she told him he was "unable to adapt because [he] was too old." Exhibit 1 to Defendant's Motion at 65-66.³

---

²*Hardlines refers to all areas of the store other than clothing, baby items, cosmetics, and accessories.*

³*The court recognizes that Unger and Cejda dispute making these statements. See Exhibit 2 to Defendant's Motion at 50, 103-4; Exhibit 3 to Defendant's Motion at 78. Nonetheless, as the court's recitation of the facts must be in the light most favorable to plaintiff, the court accepts plaintiff's version for purposes of ruling on the motion for summary judgment. See Medlock v.*

3

Likewise Cejda told plaintiff he "was too old, that [he] was not walking fast enough."
Exhibit 1 to Defendant's Motion at 79.  Plaintiff also claims that Unger gave him tasks to complete without sufficient assistance and placed unrealistic time limits on when those tasks had to be completed, but did not treat younger workers in a similar manner.  Exhibit 1 to Defendant's Motion at 68-9.

On June 1, 2004, plaintiff received a final written warning[4] for working off the clock. Exhibit 1-10 to Defendant's Motion.  The warning recited that

> on Thursday May 27, 2004, you were seen at 7:40 am. in the breakroom working on your signs.  You were still working on the signs when you clocked in at 7:55am.  Jamal, you arrived for work early and your supervisor (Denise U.) . . . told you that you had to wait until 8:00am to clock in.  You were correct to wait until the start of your scheduled shift to clock in, but you should not have been working on your signs until you were on the clock.
>
> By working on your signs when you were not on the clock, you knowingly violated company policy.

Id. at 1.  The warning noted, "This is a final warning – any future work off the clock will result in termination."  Id.  Plaintiff denies he was working off the clock on the day in question, but claims that younger workers who did work off the clock were not disciplined. Exhibit 1 to Defendant's Motion at 104, 141-42.

---

United Parcel Serv., Inc., Case No. 09-5109, slip op. at 20 (10th Cir. June 22, 2010); Sanders v. Southwestern Bell Tel., L.P., 544 F.3d 1101, 1105-06 (10th Cir. 2008), cert. denied, 130 S. Ct. 69 (2009).

*[4]Although the warning indicates it is a final warning, there is no indication in the record of any previous written warnings.  Plaintiff does, however, admit that he was warned against working off the clock sometime in the 1990s.  Exhibit 1 to Defendant's Motion at 105.*

4

On June 15, 2004, plaintiff received his annual review for fiscal year 2003. In this review, plaintiff received a numerical score of 60, fourteen points lower than the score he received in April 2003 and 23 points lower than the score he received in April 2002. *Compare* Exhibit 1-11 to Defendant's Motion at 4 *with* Exhibit 1-2 to Defendant's Motion at 8 *and* Exhibit 1-3 to Defendant's Motion at 5. A score of 60 was the lowest possible score an employee could receive and still be considered to be performing at a satisfactory level. Exhibit 1-11 to Defendant's Motion at 4. Although he received a lower score than he had for fiscal year 2002, plaintiff received a pay increase from $14.67 per hour to $14.80 per hour.[5] Id.

On June 28, 2004, plaintiff was called into the office to meet with Unger and the store's human resources manager. Unger questioned plaintiff about the completion of a task list that had been assigned to him. Plaintiff claims Unger stated during this meeting, "You can't teach an old dog new tricks."[6] Exhibit 1 to Defendant's Motion at 127-8. After this meeting, plaintiff felt it was futile to continue given "the constant abuse." Id. at 120. The next day, he submitted his retirement request to Target, indicating June 28, 2004 as the last day he was available to work. Exhibit 1-12 to Defendant's Motion.

---

[5]*In his response, plaintiff asserts he was not eligible to receive a pay increase as a result of this review. Plaintiff's Response at 12 n.3. That assertion, however, is belied by the document which reflects a thirteen-cent merit increase. Exhibit 1-11 to Defendant's Motion at 4.*

[6]*Unger also denies that she made this statement. Exhibit 3 to Defendant's Motion at 81.*

On September 7, 2004, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Exhibit 1-13 to Defendant's Motion. In the EEOC charge, plaintiff claimed that

> During my employment I have been subjected to harassment and intimidation. In that: I was made to work longer hours on some days and then have my work hours reduced during the week. I was given extra work assignment but no help to do it. I received written discipline while younger employees who have done the same infraction were not disciplined. Preferential treatment was given to younger employees. They were given higher performance reviews. Never disciplined for taking long breaks or leaving the work site while on paid time. Due to the constant harassment, I was forced to constructively discharge my employment effective June 28, 2004.

Exhibit 1-13 to Defendant's Motion.

The ADEA makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age" or to "deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age". 29 U.S.C. § 623(a)(1)-(2). To survive summary judgment, plaintiff must present sufficient evidence to raise a triable issue of fact as to whether "age was the 'but-for' cause of the challenged adverse employment action." Gross v. FBL Fin. Servs., Inc., 129 S. Ct. 2343, 2345 (2009). Defendant contends plaintiff cannot establish a prima facie case of age discrimination under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and, in any event, cannot rebut defendant's legitimate, non-discriminatory reasons for its actions.

6

Finally, defendant contends plaintiff cannot establish that but for his age, he would not have been constructively discharged.[7]

The main issue raised by defendant's motion is whether plaintiff can establish he was constructively discharged. The mere fact that plaintiff retired is not fatal to his constructive discharge claim. Fischer v. Forestwood Co., Inc., 525 F.3d 972, 980 (10th Cir. 2008). A constructive discharge occurs "when an employer, through unlawful acts, makes working conditions so intolerable that a reasonable person in the employee's position would feel forced to resign." Exum v. United States Olympic Comm., 389 F.3d 1130, 1135 (10th Cir. 2004). In determining whether plaintiff voluntarily retired or was constructively discharged, the court must examine the totality of the circumstances and must not view discrete incidents in isolation. Fischer, 525 F.3d at 980.

Based on these standards, the court finds plaintiff has proffered sufficient evidence to present a justiciable question as to whether he was constructively discharged because of age discrimination. Plaintiff presented evidence that the June 1, 2004 final written warning and the June 15, 2004 annual review affected his job status and therefore constitute adverse employment actions. *See* Sanchez v. Denver Pub. Schs., 164 F.3d 527, 533 (10th Cir. 1998); Roberts v. Roadway Express, Inc., 149 F.3d 1098, 1104 (10th Cir. 1998). Various Target supervisors testified that unsatisfactory reviews, counselings, and written warnings were the

---

[7]*Defendant's assertion that the same standard applies to plaintiff's state law claim pursuant to* Burk v. Kmart Corp., *770 P.2d 24 (Okla. 1989), is incorrect. "The* Gross *but-for standard does not apply to* Burk *tort claims. Such claims are governed by a 'significant factor' test."* Medlock, *Case No. 09-5109, slip op. at 14 n.7.*

7

first steps taken in the process of terminating an employee.[8] Moreover, the final written warning plaintiff received admonished him that disciplinary action including discharge might follow. Exhibit 1-10 to Defendant's Motion at 1-2.

In addition, the court finds plaintiff has proffered sufficient direct evidence of age bias to preclude use of the *McDonnell Douglas* burden shifting analysis.[9] If the jury believes the testimony by Liberton and Burns, it can conclude that the reason for plaintiff's unfavorable reviews, counselings, and warning was his age. Likewise, plaintiff has proffered sufficient evidence that both his immediate supervisor and store manager directed ageist comments at him. That defendant contends such comments were not made simply presents a justiciable question for trial. While plaintiff's evidence is far from overwhelming, it is sufficient to withstand summary judgment, particularly given the court's duty to examine plaintiff's claims in light of the totality of the circumstances.

In sum, Defendant Target Corporation's Motion for Summary Judgment [Doc. #107] is **DENIED**.

---

[8] *See, e.g.*, Exhibit 6 to Plaintiff's Response at 60 (testimony of Kenneth Liberton); Maiahy v. Target Corp., Case No. CIV-03-1685-HE, Exhibit 2 to Defendant Target Corporation's Motion for Summary Judgment and Supporting Brief at 56, 60 (testimony of Pat Burns) [Doc. #284]; Maiahy, Exhibit 4 to Plaintiff's Response to Target Corporations' Motion for Summary Judgment at 48-49 (testimony of Pat Burns) [Doc. #296].

[9] Sanders, 544 F.3d at 1106 n.4 (where direct evidence of age discrimination is presented, use of McDonnell Douglas analysis on summary judgment is error).

**IT IS SO ORDERED.**

Dated this 29th day of July, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE